# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROY NELLIKKATTIL KOSHY,
          Appellant,

          v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
DA-3443-21-0311-I-1

DATE: May 5, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Roy Nellikkattil Koshy, Garland, Texas, pro se.

Bobbi Mihal, Esquire, Dallas, Texas, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. On petition for review, the appellant argues the following: (1) the Board has chapter 75 jurisdiction over his appeal; (2) the agency discriminated against him; (3) he suffered a compensable injury; and (4) his appeal was timely filed. Petition for Review (PFR) File, Tab 1

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

at 6-12.[2]   Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).   After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        Effective December 7, 2019, the agency appointed the appellant to the position of Rural Carrier.  Initial Appeal File (IAF), Tab 7 at 17.  Thereafter, the appellant applied to and was selected for the position of Postal Support Employee Sales and Services Distribution Associate (PSE SSDA).  *Id*. at 24-28; IAF, Tab 1 at 14, Tab 6 at 4.  On September 3, 2020, an agency official stated via email that the appellant would need a "mandatory" 5-day break in service between both positions and that, accordingly, his last day in his Rural Carrier position would be

---

[2] With his petition for review, the appellant provides an annotated computer printout of the status of job applications that he has submitted for various positions with the agency.  PFR File, Tab 1 at 13.  This document, however, was part of the record before the administrative judge; thus, it does not constitute new evidence.  Initial Appeal File (IAF), Tab 9 at 13; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

September 6, 2020. IAF, Tab 1 at 13, Tab 6 at 4. Subsequently, the agency processed a Postal Form 50 reflecting that the appellant resigned from his Rural Carrier position effective September 6, 2020. IAF, Tab 7 at 18. The record, however, does not contain a resignation letter from the appellant. In fact, the appellant averred below that he did not resign from this position, consistent with advice in the PSE SSDA job offer letter notifying him that he should not resign from his current position. IAF, Tab 1 at 32.

¶3 Six days later, on September 12, 2020, the appellant received a temporary appointment to the PSE SSDA position. IAF, Tab 7 at 19. By letter dated September 17, 2020, the agency advised the appellant that, due to eligibility reasons, his PSE SSDA offer was being rescinded. IAF, Tab 1 at 20. The appellant alleged below that he was notified by the agency's Human Resources personnel that the reason for his separation was that he had not been a resident of the U.S. for 5 years preceding a National Agency Check with Inquiries (NACI) background investigation. *Id*. at 21. The record reflects that the appellant had been a permanent resident of the U.S. since December 29, 2015, and therefore had been residing lawfully in the U.S. for approximately 4 years and 9 months prior to that time. *Id*. at 33. Moreover, the record does not contain any official U.S. Postal Service, Office of Personnel Management, or Department of Defense rules or regulations requiring a 5-year residency requirement to conduct a NACI check, nor does it demonstrate why the 5-year waiting period did not preclude the appellant from obtaining a background check for his original Rural Carrier position.

¶4 According to the appellant, he was instructed by the agency to return to work as a Rural Carrier on September 17, 2020, and he continued to perform in that position until September 26, 2020. *Id*. at 31. The appellant averred that, on September 28, 2020, his supervisor advised him that he had been removed from

the agency's payroll system, despite lacking any notice of the same.[3] *Id*. at 31. The agency officially terminated the appellant from the PSE SSDA position on December 18, 2020. IAF, Tab 7 at 20.

¶5 On June 21, 2021, approximately 6 months after being terminated from the PSE SSDA position, the appellant filed a Board appeal. IAF, Tab 1. On his initial appeal form, the appellant indicated that he was challenging both an involuntary resignation and the agency's failure to restore/reemploy/reinstate him. *Id*. at 3.

¶6 The agency filed a motion to dismiss the appeal for lack of jurisdiction and/or on the basis of timeliness. IAF, Tab 7 at 4-15. Thereafter, the administrative judge issued an order to show cause explaining the circumstances under which the Board has jurisdiction over the removal of a U.S. Postal Service employee and ordering the appellant to submit evidence and argument regarding jurisdiction. IAF, Tab 8 at 2-4. The appellant filed a response contending that the Board had chapter 75 jurisdiction over his appeal and that the agency had engaged in discrimination and prohibited personnel practices. IAF, Tab 9 at 5-8. He also averred that he had completed his probationary period and reiterated that the agency had mandated the break in service between his two positions with the agency, i.e., Rural Carrier and PSE SSDA. *Id*. at 6-8, 15.

¶7 Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the matter for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID) at 2, 5-6. In so doing, she reasoned that the appellant had seemingly argued that the agency had forced him to resign and then failed to reinstate him. ID at 4. She found, however, that the appellant had failed to allege that he was a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely

---

[3] It appears that the agency could have returned the appellant to his original Rural Carrier position, but it did not do so. The appellant asserted below that the agency instead appointed two young individuals as Rural Carriers. IAF, Tab 1 at 5.

nonconfidential clerical capacity and, therefore, the Board lacked jurisdiction over the matter. ID at 5. She also found that, to the extent the appellant had raised claims of discrimination, prohibited personnel practices, or retaliation, his claims did not confer jurisdiction on the Board insofar as such claims are not an independent basis of Board jurisdiction. *Id.* The administrative judge also implicitly concluded that the Board lacks jurisdiction over the matter as a restoration appeal, explaining that "[a]t no time during the pendency of [the] appeal ha[d] the appellant made mention of a compensable injury." ID at 1 n.1. The administrative judge explained that, given her conclusion regarding jurisdiction, she did not need to address the timeliness of the appeal. ID at 2 n.2.

¶8        The appellant has filed a petition for review, and the agency has filed a response. PFR File, Tabs 1, 3. In his petition, the appellant argues the following: (1) the Board has chapter 75 jurisdiction over his appeal; (2) the agency discriminated against him; (3) he has suffered "significant hardships and mental trauma due to the unlawful decisions" of agency human resources personnel; and (4) his appeal was timely filed. PFR File, Tab 1 at 6-12.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9        In order for a Postal Service employee to appeal an adverse action under chapter 75, the employee must (1) be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) have completed 1 year of current continuous service in the same or similar positions. *See* 5 U.S.C. § 7511(a)(1)(B)(ii); 39 U.S.C. § 1005(a)(4)(A)(ii); *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012). Here, we discern no basis to disturb the administrative judge's conclusion that the appellant failed to make a nonfrivolous allegation that he is a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely

nonconfidential clerical capacity. ID at 5.[4] Thus, we agree that the Board lacks chapter 75 jurisdiction over the matter.[5] Similarly, we discern no basis to disturb the administrative judge's conclusion that, absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's claims of discrimination. *Id.*; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (explaining that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶10     The appellant seemingly argues that he suffered a compensable injury, i.e., "significant hardships and mental trauma due to the unlawful decisions" of agency human resources personnel. PFR File, Tab 1 at 11-12. Federal employees, including Postal Service employees, who suffer on-the-job compensable injuries enjoy certain rights to be restored to their previous or comparable positions. *See Tat v. U.S. Postal Service*, 109 M.S.P.R. 562, ¶ 9 (2008); 5 C.F.R. part 353. To be entitled to any such rights, an employee must have been "separated or furloughed from an appointment without time limitation . . . as a result of a compensable injury." 5 C.F.R. § 353.103(b). Here, however, the appellant's vague references to hardships and mental trauma do not confer jurisdiction on the Board or otherwise warrant a different outcome. Indeed, the appellant does not discernably allege that he suffered an on-the-job injury; rather, he ostensibly alleges that he experienced mental hardship and

---

[4] Indeed, all of the Postal Service Form 50s in the record contained a veterans' preference code of "1," indicating that the appellant is not a preference eligible. *E.g.*, IAF, Tab 1 at 7; *see Hay v. U.S. Postal Service*, 103 M.S.P.R. 167, ¶¶ 3-4 (2006) (discussing veterans' preference codes on Postal Service Form 50s).

[5] The agency's actions in this case present almost a classic case of the provision of misinformation that unfortunately led to the appellant's involuntary separation. Even if the Board were to find that the appellant established that his resignation was involuntary, however, the Board would lack jurisdiction over his appeal under chapter 75. *See Paige v. U.S. Postal Service*, 106 M.S.P.R. 299, ¶ 11 (2007) (clarifying that, to the extent the appellant raised an involuntary resignation claim, it is dismissed as an appeal outside the Board's jurisdiction because the appellant failed to show that he was an agency employee with chapter 75 appeal rights).

trauma when agency human resources personnel removed him from his position. Thus, we agree that the Board lacks jurisdiction over the matter.

¶11    Accordingly, while we sympathize with the appellant's situation and, specifically, with his assertion that he never intended to resign from his Rural Carrier position, we must affirm the initial decision given the Board's lack of jurisdiction over this matter.[6]

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[6] Because the appellant's petition does not meet the Board's criteria for review, we do not reach the issue of the timeliness of the appeal.  Nevertheless, we note that the agency never provided the appellant with notice of any appeal rights.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.